UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELISANGELA IOLANDA DA COSTA, | * * | |
| Petitioner, | * * * | |
| v. | * * | |
| DAVID WESLING, Acting Boston Field Office Director, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, U.S. Secretary of the Department of Homeland Security; and PAMELA BONDI, U.S. Attorney General, | * * * * * * * * * * * * | Civil Action No. 1:25-cv-13616-IT |
| Respondents. | * * | |

MEMORANDUM & ORDER

December 11, 2025

TALWANI, D.J.

In her Emergency Petition for Writ of Habeas Corpus [Doc. No. 1], Petitioner Elisangela Iolanda Da Costa states that she is a Brazilian national residing in Massachusetts. Pet. ¶¶ 1, 9 [Doc. No. 1]. In 2005, Petitioner entered the United States without inspection. Id. ¶ 16. On July 7, 2015, Petitioner filed an I-589 Application for Asylum. Pet. Ex. 1 [Doc. No. 1-3]. On or about April 24, 2023, Petitioner was placed in removal proceedings before the Chelmsford Immigration Court. Pet. ¶ 2 [Doc. No. 1]. These proceedings are currently pending. Pet. Ex. 2 [Doc. No. 1-4].

Petitioner states further that on December 1, 2025, United States Immigration and Customs Enforcement ("ICE") detained Petitioner and took her into custody. Pet. ¶¶ 3, 21. That

same day, at 12:42 p.m., Petitioner filed her Petition [Doc. No. 1] with this court. At 2:32 p.m., this court entered an Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3], directing that "Petitioner shall not be transferred to another district" without advance notice from Respondents. Order 3 [Doc. No. 3].

Petitioner contends that "[u]pon her apprehension within the United States, [the Department of Homeland Security's] authority to detain her arose, if at all, under 8 U.S.C. § 1226(a)[.]" Pet. ¶ 40 [Doc. No. 1]. Accordingly, Petitioner requests that the court issue "an order directing Respondents to provide her with a prompt, individualized custody hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a)[.]" Id. ¶ 7.

Respondents report that ICE transported Petitioner from ICE's facility in Burlington, Massachusetts, to Cumberland County Jail in Portland, Maine, leaving the Burlington facility at 1:10 p.m., and arriving at Cumberland County Jail at approximately 3:10 p.m. Resp. 1 n.1 [Doc. No. 6]. Petitioner was therefore in transit from Massachusetts when the court's Order was issued at 2:32 p.m., and Respondents do not raise any challenge to this court's jurisdiction.[1]

Respondents note that the legal issues raised in this Petition are similar to those addressed in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, 2025 WL 3171043 (D. Mass. Nov. 13, 2025). Resp. 1 [Doc. No. 6]. In those cases, this court held that the petitioners were detained pursuant to 8 U.S.C. § 1226(a). See Elias Escobar v. Hyde, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) ("[T]he court finds

---

[1] Respondents do note that "ICE agency counsel has advised that Petitioner can receive a bond hearing in Immigration Court while detained at Cumberland County Jail[,]" Resp. 1 n.1 [Doc. No. 6], and Petitioner has filed no opposition to proceeding in that manner.

that [Petitioner's] detention falls under Respondents' discretionary authority under 8 U.S.C. 1226(a) and thus entitles him to a bond hearing."). Accordingly, Respondents state that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Resp. 2 [Doc. No. 6].

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than December 18, 2025, Da Costa must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Da Costa in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

December 11, 2025                    /s/ Indira Talwani
                                     United States District Judge

3